IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs June 26, 2001

**PEARL LYNELL POTTS, Individually And Executor of the Estate of Gordon Ray Potts, Sr., Deceased, v. MARY POTTS MAYFORTH and GORDON RAY POTTS, JR., and CONNECTICUT GENERAL LIFE INSURANCE COMPANY v. ALICE ELIZABETH NELSON**

**Direct Appeal from the Chancery Court for Carter County**
**No. 24432     Hon. G. Richard Johnson, Chancellor**

**FILED AUGUST 9, 2001**

**No. E2000-03116-COA-R3-CV**

The Trial Court entered a Default Judgment against Potts pursuant to Tenn. R. Civ. P. 37.02 and then summary judgment for plaintiffs. On appeal by defendants, we affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Mary E. Potts Mayforth, Kensington, MD., *pro se.*

Gordon R. Potts, Jr., Forsythe, MO., *pro se.*

Kathryn J. Dugger-Edwards, Elizabethton, TN., for Appellee, Pearl Lynell Potts.

Reginald E. Keaton, Knoxville, TN., for Appellee, Connecticut General Life Insurance.

**OPINION**

The appellants, Mary Potts Mayforth and Gordon R. Potts, Jr., have raised myriad issues on appeal, most of which are without merit on their face or were not raised below. We conclude the following issues are properly before this Court:

1.. Did the Trial Court err in denying and dismissing Defendants Potts' and Mayforth's Motion for Sanctions?

2. Did the Trial Court abuse its discretion in entering a Default Judgment against Defendant Gordon R. Potts, Jr. as a sanction in accordance with Tennessee Rule of Civil Procedure 37.02?

3. Did the Trial Court properly grant Plaintiff's Motion for Summary Judgment?

4. Did the Trial Court properly tax court costs to the Defendants Potts and Mayforth?

By way of background, the Plaintiff/Executor for the Estate of Gordon R. Potts Sr., filed this action against Gordon Potts, Jr., and Mary Potts Mayforth and Cigna Group Universal Life Insurance Company, alleging that the deceased did not have the mental capacity to make a change of his beneficiary in his life insurance policy, and that by fraud, duress or undue influence, defendants had caused the deceased to withdraw money from his account and give to them.

The Defendant Insurance Company removed the case to Federal Court, and when the Federal Judge directed the parties to brief the issue of jurisdiction, the parties agreed to send the case back to State Court. This was accomplished by an Agreed Order remanding the case to the Tennessee Chancery Court. During discovery, plaintiff learned that the request for change in beneficiary form had not been signed by the deceased, and Plaintiff then filed a Motion for Summary Judgment as to her claim for the insurance proceeds under the policy. The Insurance Company then filed a Motion for an Order enforcing a Settlement Agreement and Allowing the Deposit of Insurance Proceeds and a Discharge from Liability. The Motion was based on an agreed order which had been entered in federal court, remanding the case to the state court, which stated:

> . . . the parties having further agreed that once the case is remanded to state court the defendant, Connecticut General Life Insurance Company, shall be allowed to deposit the insurance proceeds with the Court and will then be allowed to be dismissed from the lawsuit.

The defendants objected to the Motion on the grounds that they were unaware that the Change of Beneficiary form was unsigned at the time the Federal Court's Order was entered.

In response, the Court determined that because the issue was whether the consent order entered in the United States District Court should be enforced or overturned, all claims pertaining to the life insurance policy issued by the Insurance Company should be bifurcated from the remaining issues and should be removed back to the United States District Court.

The United States District Court entered an Order on the insurance matter, stating that it had not approved any purported settlement which the agreed Order specifically stated was to occur

"once the case is remanded to state court." The USDC further found that there had been no compliance with Title 28 § 1446 which provides the proper procedure for removal. Accordingly, the Court found that it had no jurisdiction to enforce the purported settlement and again remanded the case to State Court.

Plaintiff filed a Motion for Sanctions against Defendant Gordon Potts, Jr., pursuant to Tennessee Rule of Civil Procedure 37.02, alleging that Potts had repeatedly failed to comply with discovery requests and had lied in answering interrogatories regarding questions about his father's money.

Potts filed a request for a jury trial on the Motion for Sanctions, and he and Mayforth filed a request for a jury trial on their motion for sanctions against the plaintiff, her attorney and their former attorney. The Insurance Company filed another motion for enforcement of the settlement agreement, requesting that the court allow it deposit the insurance proceeds with the court and be discharged from liability.

The Trial Court then conducted a hearing on the numerous motions before it, and granted the Insurance Company's motion to enforce the settlement agreement, by Order dated November 20, 2000. The Insurance Company was allowed to deposit the insurance proceeds with the Court and was discharged from all liability. The Court then made the following rulings on the remaining issues:

1. The motion of Gordon Ray Potts Jr. to be heard via telephonic conference is respectfully denied.

2. The motion of Gordon Ray Potts Jr. for a jury trial on the motion for sanctions is respectfully denied.

3. The motion for continuance of the jury trial date of November 29th and 30th is hereby respectfully denied.

4. The motion of Plaintiff to prohibit Mary Potts Mayforth from representing her brother, Gordon Ray Potts Jr. is hereby granted.

5. The motion for Summary Judgment filed by Defendant Mary Potts Mayforth is withdrawn.

6. All motions for sanctions filed by Mary Potts Mayforth and Gordon Ray Potts Jr. against Plaintiff Pearl Lynell Potts and attorney Kathryn J. Dugger are hereby denied and the same are dismissed.

7. The motion for Sanctions against Gordon Ray Potts Jr. is hereby granted and Plaintiff is awarded a Default Judgment against Gordon Ray Potts Jr., . . . in

-3-

the sum of $36,652.88[1], for which execution may issue if not paid.

8.     The motion of Mary Potts Mayforth is granted and Plaintiff is prohibited from hearing the Motion on Summary Judgment on November 27, 2000.

Plaintiff then filed a Motion to Reconsider, stating that the summary judgment motion with regard to the life insurance proceeds was originally filed with the Court in April of 2000, and was continued for discovery and then rendered moot because of the removal to United States District Court. She maintained that it was impossible for her to have her Motion for Summary Judgment heard in state court until the District Judge's Order from federal court was entered.

A hearing was held on November 22, 2000, before the Chancellor, and the Court found that plaintiff's Motion to Reconsider was well taken in that the Life Insurance portion of the case was remanded to Federal Court on July 19, 2000 and returned to State Court on October 30, 2000, thus creating a time conflict with the Court's Scheduling Order. The Court went on to consider the Motion for Summary Judgment, but neither Defendant was present for that hearing. The Court noted that "Plaintiff's motion for Summary Judgment was filed on April 7, 2000 and defendants were give proper notice of hearing." The Court then found the material facts not to be in dispute, and plaintiff was entitled to judgment as a matter of law, and awarded the life insurance proceeds to plaintiff.

We first addressed defendant's Motion for Sanctions, which was dismissed by the Trial Court. At the hearing, defendants were unable to produce any evidence, but Mayforth simply stated "this is a malicious prosecution case and we intend to file further sanctions upon retaining an attorney" and that "the claims that [Plaintiff] made in her Complaint were unfounded and that she did not make due diligence in investigating the claims before she filed them and that it has caused both financial and emotional distress to both of the Defendants." Tennessee Rule of Civil Procedure 11.02 prohibits a party from submitting to the court a pleading, motion or other papers for the purpose of harassment or delay, and from advancing frivolous claims or defenses. Moreover, it provides that all allegations shall have evidentiary support or are specifically so identified or likely to have evidentiary support, after a reasonable opportunity for further investigation or discovery.

The crux of defendants' complaint regarding the Plaintiff's conduct is that Plaintiff did not sufficiently investigate before filing her complaint. At the time plaintiff filed her complaint, she did not have access to the change of beneficiary form, so she could not have known that it was unsigned. Upon discovery that it was not signed, plaintiff filed a summary judgment motion against the Insurance Company. There is no evidence, as the Chancellor found, that the Plaintiff or her attorney acted in bad faith or with an intent to harass the defendants. We affirm the Trial Court on this issue.

_____

[1]This represented the money of the decedent deposited into the account of Gordon Ray Potts, Jr. together with expenses and attorney fees.

Defendant Potts complains that he was not granted due process with regard to the hearing on the Motion for Sanctions. However, the record shows that the defendant had sufficient notice of the hearing.

Despite this notice (and the Court's accommodation of defendant's request for a continuance), defendant Potts failed to appear at the hearing to offer any evidence in his defense. His sister, Mary Mayforth attempted to represent him by filing and signing a response to the Motion for Sanctions. The Court properly found that she would not be allowed to represent her brother. The case of *Shahrdar v. Global Housing, Inc.*, 983 S.W.2d 230 (Tenn. Ct. App. 1998) explains the propriety of granting a default judgment as a sanction against a party who fails to comply with discovery orders.

> Rule 37.02(C) of the Tennessee Rules of Civil Procedure provides that a trial court faced with a party who fails to obey an order to provide discovery may render a judgment by default against the disobedient party. Although this sanction is extreme, it is appropriate "where there has been a clear record of delay or contumacious conduct." When a trial court exercises its discretion in rendering a default judgment as a sanction, its decision will be disturbed only upon a finding of abuse of that discretion.

983 S.W.2d at 236 (internal citations omitted).

Upon review of this extensive record, it is apparent that defendant Potts' conduct in the case was uncooperative at best. The Court found that Potts had "engaged in a course of conduct that is designed to totally frustrate this trial from going forward." The Court further found that the uncontradicted evidence establishes that Potts "has committed perjury, has lied under oath, in his interrogatories about these various checks . . ." This conduct by the defendant rises to such a level of contemptuous behavior, that the Trial Court acted within its discretion in entering a default judgment as sanctions for his misconduct.

Of course, a default judgment "will not authorize a decree in favor of the plaintiff, unless the complaint shows a ground for relief against the defendant." *Shahrdar*, 983 S.W.2d at 236-237. Plaintiff's averred that Potts by fraud or deceit, did steal money belonging to the deceased. Defendant Potts failed to produce his bank records from South Padre Bank and failed to answer truthfully the interrogatories pertaining the missing money from the deceased. The bank records from South Padre Bank showed deposits into the defendant's accounts for the exact sums of money missing from the decedent. These records, along with the evasive and deceitful conduct of the Defendant during discovery, establishes the basis for plaintiff's claim for relief against him.

Defendant Potts argues that the Court erred in denying him the right to a jury trial on his Motion for Sanctions entered and relies upon T.C.A. 21-1-103 for his alleged right to a jury trial. An exception to a jury trial in this State, is that one is not entitled to a jury in a contempt proceedings. *See Pass v. State*, 184 S.W.2d 1 (Tenn. 1945); *Weinstein v. Heimberg*, 490 S.W.2d

692 (Tenn. Ct. App. 1972). The sanctions requested by plaintiff were pursuant to Rule 37.02 for failure of a party to obey an order of the Court. Rule 37.02 allows a court to treat this disobedience of a court order as contempt. Accordingly, the defendant was not entitled to a jury trial.

Defendants insist they did not have proper notice that the summary judgment Motion would be heard. While the defendants did not have notice that the Motion would be heard on November 27, 2000, it having previously been ruled that it would not be heard then, they did have notice that the Court was going to reconsider its prior ruling at that time. They also had ample time to respond to plaintiffs' April Motion for Summary Judgment by submitting evidence that would establish that summary judgment was improper. Because of the sufficient opportunity to show why summary judgment might be inappropriate, the defendants were not prejudiced by the Court's decision to rule on the Motion at the November hearing.

As to the merits of the summary judgment, the Trial Court found the following facts to be established and not disputed:

1.     On October 9, 1995, the deceased, Gordon R. Potts Sr. named as primary beneficiary his wife, Pearl Lynell Potts on the life insurance policy issued by Defendant Connecticut General Life Insurance Company.

2.     A subsequent change of beneficiary form was submitted to Connecticut General Life Insurance Company on July 23, 1999. The change of beneficiary form was not signed, nor dated by the owner decedent, Gordon R. Potts Sr.

3.     Connecticut General Life Insurance Company policy provisions required the following to change a beneficiary. "Each Owner may change the Beneficiary at any time, unless the Beneficiary designation is irrevocable. The change must be made on a form satisfactory to CG and signed by the Owner. No change of Beneficiary will take effect until this form is received by CG. Then this form is received, the change will take effect as of the date of the form. If the Insured dies before the form is received, CG will not be liable for any payment that was made before receipt of the form.

Based on these facts, the Trial Court determined that as a matter of law, the attempted change of beneficiary was ineffective as it was not signed. The Court further found that the change of beneficiary form *did not substantially comply* with the requirements for a change of beneficiary as required by the Insurance Company. The Court found that there had been no response to each set of facts set forth by the plaintiff in accordance with Rule 56 of the Tennessee Rules of Civil Procedure.

The Chancellor correctly found that there had been no substantial compliance with the policy requirements in this case. The form requesting change of beneficiary was not signed by

the insured, nor was it dated. By filling out a portion of the form and submitting to the insurance company, the insured did not do all that he could to comply with the requirements of the policy. Because the form was not signed, as required, we hold that there was not substantial compliance with the requirements of the policy. *See Sun Life Assurance Co. of Canada v. Hicks*, 844 S.W.2d 652 (Tenn. Ct. App. 1992). We affirm the Trial Court's grant of a summary judgment.

Finally, defendants argument that the Court erred in assessing costs against them is without merit. *See* Tennessee Code Annotated §20-12-101.

We affirm the Judgment of the Trial Court and remand, with the cost of this appeal assessed jointly against the defendants Gordon R. Potts, Jr., and Mary Potts Mayforth.

                          _____
                          HERSCHEL PICKENS FRANKS, J.