IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 17, 2007 Session

**RAYMOND CLAYTON MURRAY, JR. v. JES BEARD, ESQUIRE**

**Appeal from the Circuit Court for Hamilton County**
**No. 04C-1490     William Dale Young, Judge**

**No. E2006-01661-COA-R3-CV - FILED AUGUST 29, 2007**

D. MICHAEL SWINEY, J., concurring and dissenting.

        I concur in the majority's decision except that I, respectfully, dissent from the majority's holding "that the trial court abused its discretion by granting the [Plaintiff's] amended motion and limiting the trial to the issue of damages only." I believe the Trial Court acted well within its discretion in ordering this sanction. As discussed by the majority, Rule 37.04 clearly is authority for a trial court's "rendering a judgment by default against the disobedient party" because that party failed to serve answers or objections to interrogatories. Tenn. R. Civ. P. 37.02(C). That is exactly what the Trial Court did here.

        We review sanctions imposed by a trial court under Tenn. R. Civ. P. 37 for abuse of discretion. *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 699 (Tenn. 1988). Our Supreme Court discussed the abuse of discretion standard in *Eldridge v. Eldridge*, stating:

        Under the abuse of discretion standard, a trial court's ruling "will be upheld
    so long as reasonable minds can disagree as to [the] propriety of the decision made."
    A trial court abuses its discretion only when it "applie[s] an incorrect legal standard,
    or reache[s] a decision which is against logic or reasoning that cause[s] an injustice
    to the party complaining." The abuse of discretion standard does not permit the
    appellate court to substitute its judgment for that of the trial court.

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citations omitted).

-1-

Appellate courts ordinarily permit discretionary decisions to stand when reasonable judicial minds can differ concerning their soundness. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999). A trial court's discretionary decision must take into account applicable law and be consistent with the facts before the court. *Id*. When reviewing a discretionary decision by the trial court, the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Id*.

As pertinent to this appeal, Tenn. R. Civ. P. 37 provides:

**37.02. Failure to Comply with Order.** – If a deponent; a party; an officer, director, or managing agent of a party; or, a person designated under Rule 30.02(6) or 31.01 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Rule 37.01 or Rule 35, or if a party fails to obey an order entered under Rule 26.06, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

* * *

**37.04. Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Requests for Inspection. –**

If a party or an officer, director, or managing agent of a party or a person designated under Rule 30.02(6) or 31.01 to testify on behalf of a party fails (1) to appear before the officer who is to take his or her deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized

-2-

under paragraphs (A), (B), and (C) of Rule 37.02. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26.03.

Tenn. R. Civ. P. 37.

Under Tenn. R. Civ. P. 37.04, if a party fails to serve answers or objections to interrogatories after proper service of the interrogatories, a trial court "may take any action authorized under paragraphs (A), (B), and (C) of Rule 37.02." Tenn. R. Civ. P. 37.04. Among other things, a trial court may under Tenn. R. Civ. P. 37.02 enter an "order refusing to allow the disobedient party to support or oppose designated claims or defenses; or prohibiting that party from introducing designated matters in evidence;" or enter an order "rendering a judgment by default against the disobedient party…." Tenn. R. Civ. P. 37.02.

Discussing the sanction of default available under Tenn. R. Civ. P. 37.02(C), this Court noted "that a trial court faced with a party who fails to obey an order to provide discovery may render a judgment by default against the disobedient party. Although this sanction is extreme, it is appropriate 'where there has been a clear record of delay or contumacious conduct.'" *Potts v. Mayforth*, 59 S.W.3d 167, 171 (Tenn. Ct. App. 2001) (quoting *Shahrdar v. Global Housing, Inc.*, 983 S.W.2d 230, 236 (Tenn. Ct. App. 1998)). This same sanction is available through Tenn. R. Civ. P. 37.04 if a party fails to serve answers or objections to interrogatories.

The Trial Court had the power under Tenn. R. Civ. P. 37 to impose the sanction chosen. Given the Trial Court's specific findings that Attorney Beard "is unwilling or unable to comply by producing responses to Expert Interrogatories, and the Court finding the time for responding has expired and the Court further finding that the continuance of the case from February 3, 2006 to June 28, 2006 and defendant has still failed to comply …," I cannot say that the Trial Court abused its discretion in imposing the sanction establishing liability.

The majority correctly set forth the abuse of discretion standard as the standard to be applied by this Court in reviewing a trial court's imposition of Tenn. R. Civ. P. 37 sanctions. Applying that standard, I believe it to be clear that we should not hold that the Trial Court abused its discretion. The Trial Court did not apply an incorrect legal standard. The Trial Court did not reach a decision that was against logic or reasoning that caused an injustice to Attorney Beard. The Trial Court's decision was such that reasonable minds could disagree as to the propriety of that decision. The sanction was severe, but I do not believe it fits any of the requirements to be classified as an abuse of discretion by the Trial Court, and we should not substitute our judgment for that of

-3-

the Trial Court.

Attorney Beard as the appellant bears the primary responsibility of seeing that the record is complete when it comes to this Court. However, the record before us contains neither Plaintiff's amended motion for Rule 37 sanctions nor a transcript of any hearing, if there was one, on that motion. What we do have in the record is the transcript of the argument on Attorney Beard's motion to reconsider, which the Trial Court heard on the day of trial. During this hearing, the Trial Court announced:

> Over the years I've prided myself in being fair. I like to think I have been fair to litigants and to lawyers, but it's especially dear to my heart to be fair to lawyers. We're all brothers. But there comes a time when enough is enough. And, after all, the plaintiffs are entitled to fair treatment as the defendants are entitled to fair treatment, and I have to look at the whole, and not just what I'd like to do.

> The Court's of the opinion and finds that for whatever reason Mr. Beard has not cooperated in the expeditious handling of this lawsuit. The fact that this Judge is from out of town really has nothing to do with it. It's my pleasure to come down here. So that really has nothing to do with it. But if I had this case on my docket back in Blount County, it would have been heard a long time ago.

> An old saying, and I don't think it's an equitable saying at all; but justice delayed is justice denied. I, I believe that, that principle. So we need to go forward. The Court reaffirms its ruling from yesterday, with all due respect.

For all we know, there could have been other things pled, argued, and considered by the Trial Court that led to the Trial Court's finding that "Mr. Beard has not cooperated in the expeditious handling of this lawsuit." What we do know is that the Trial Court in deciding to reaffirm its ruling prohibiting Attorney Beard from contesting liability found and held that the time had come because of Attorney Beard's actions that "enough is enough" and fairness to the Plaintiff required the Trial Court to act. We also note that the Trial Court specifically stated that it had "to look at the whole, and not just what I'd like to do." It was only after looking at the "whole" that the Trial Court, in exercising its discretion, affirmed its decision to limit the trial to the issue of damages.

In addition, the Trial Court had the power to amend or alter its decision regarding the sanctions at any time prior to a final order in the case. Under Tenn. R. Civ. P. 54.02:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. **In the absence of such determination and direction,** any

-4-

order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and **the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.**

Tenn. R. Civ. P. 54.02 (emphasis added).

Likewise I respectfully find the majority's reasoning unpersuasive that the Trial Court's granting of the default sanction "would necessarily (1) hamper [Attorney Beard] in any possible settlement strategy and (2) significantly change the 'landscape' of his defense posture and trial strategy." As neither I nor the majority have any way of knowing what Attorney Beard's possible settlement strategy, if any, may have been, I am not comfortable in making the leap to hold that the Trial Court's decision "necessarily" hampered this unknown and perhaps nonexistent settlement strategy. As to changing the "landscape" of Attorney Beard's defense posture and trial strategy, it is true that the issues to be decided at the trial were fewer in number after the Trial Court exercised its discretion. However, no new issue was raised at the last minute resulting in an ambush to any party.

I concur in the remainder of the majority's decision. However, as I find no abuse of discretion by the Trial Court, I would affirm the judgment of the Trial Court in its entirety.

_____
D. MICHAEL SWINEY, JUDGE