IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 17, 2007 Session

## RAYMOND CLAYTON MURRAY, JR. v. JES BEARD, ESQUIRE

**Appeal from the Circuit Court for Hamilton County**
**No. 04C-1490     W. Dale Young, Judge**

---

**No. E2006-01661-COA-R3-CV - FILED AUGUST 29, 2007**

---

This is a legal malpractice case.  Raymond Clayton Murray, Jr. ("the Client") sued his former attorney, Jes Beard ("the Attorney"), in connection with the Attorney's representation of the Client in the latter's action to modify child support.  In the present case, after the Attorney failed to answer interrogatories regarding his experts, the Client filed a motion pursuant to Tenn. R. Civ. P. 37 seeking to prevent the Attorney from offering any expert testimony.  The court entered an order granting the Client's motion and barring the Attorney from introducing expert testimony at trial.  The Client subsequently filed a second motion for Rule 37 sanctions, this time seeking a default judgment against the Attorney.  The motion sought this further sanction as punishment for the Attorney's alleged failure to cooperate in the discovery process.  The court granted this motion and announced its decision in a fax to counsel on the day before trial.  An order was never entered memorializing this ruling. The Attorney filed a motion to reconsider, which the court denied.  After a hearing solely on the issue of damages, the trial court entered a judgment against the Attorney for $16,697.38.  He appeals.  After review, we hold that the trial court abused its discretion when it granted a default judgment against the Attorney as a Rule 37 sanction.  We vacate the trial court's judgment and remand for a new trial, but solely on the issue of liability.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Vacated; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court in which SHARON G. LEE, J., joined. D. MICHAEL SWINEY, J., filed a concurring and dissenting opinion.

Arvin Reingold, Chattanooga, Tennessee, for the appellant, Jes Beard, Esquire.

John T. Rice, Chattanooga, Tennessee, for the appellee, Raymond Clayton Murray, Jr.

**OPINION**

I.

The facts pertaining to the underlying case are not in serious dispute. In early 2003, the Client retained the Attorney to represent him in an action to modify his child support obligation. After the Client filed his petition, his former wife, Tina Louise Payne Murray, filed a counterclaim seeking a child support arrearage with interest under the terms of a 1996 court order. Following a trial in the Hamilton County Chancery Court on September 8, 2003, the Chancellor took the matter under advisement.

The parties to the case at bar agree that, following the trial, the Attorney told the Client that he would likely end up paying his former wife between $12,000 and $16,000. With the Client's permission, the Attorney entered into settlement discussions with his former wife's attorney, William H. Horton. On October 9, 2003, the Attorney and Mr. Horton agreed on the details of a settlement agreement. Under the terms of the agreement, the Client was to pay Ms. Murray $8,000 plus another $2,000 to Mr. Horton to cover his attorney's fee. The Client was to be responsible for paying court costs. Although the parties allegedly agreed on the terms of the settlement on October 9, 2003, an agreed order reflecting the settlement was not then entered.

In the meantime, on October 13, 2003, the Chancellor filed a memorandum opinion announcing his decision. The Attorney contacted the Client around 4 p.m. on October 14, 2003, and told the Client, based upon his initial review of part of the opinion, that "it looked like" under the opinion he would have to pay his former wife $15,000. During that same conversation, the Attorney told the Client that he, the Attorney, had not completely read the memorandum opinion.

The following day, Mr. Beard received a letter from Mr. Horton, stating, in pertinent part, as follows:

> Enclosed is an Agreed Order containing the Settlement Offer you accepted on October 9, 2003, as well as a Billing Statement detailing Ms. Burkhart's attorney's fees. If the Order meets your approval, please sign it and return it to us so that we may file it with the Court.
>
> Also, please forward us two (2) checks, one in the amount of $8,000 and one in the amount of $2,000 as provided for in the Settlement and send the check to the Court.
>
> If you have any questions or comments, please do not hesitate to contact me.

The Attorney called the Client to notify him of the agreed order. He directed the Client to deliver the checks to Mr. Horton's office. The Client delivered the checks at approximately 10:30 a.m. on

October 15, 2003. At approximately 2 p.m., the Attorney called the Client to advise him that he had reviewed the entire memorandum opinion, and that the Chancellor's ruling was in the Client's favor. The Agreed Order reflecting the settlement was filed with the court the following day.

## II.

The Client filed this action for legal malpractice on September 17, 2004, alleging that the Attorney's "failure to review Chancellor Brown's Memorandum Opinion, fully understand its terms and conditions prior to advising [the Client] to making [sic] a settlement, fall [sic] below the applicable standard of care for trial lawyers in Hamilton County." He further alleged that the Attorney's "failure to fully review and comprehend Chancellor Brown's Memorandum Opinion before entering into an Agreed Order settling the issue" also fell below the applicable standard of care. After the Client filed a motion for default, the Attorney filed an answer on November 22, 2004. He denied that he was guilty of negligence in his representation of the Client.

The Client served expert interrogatories upon the Attorney, which he failed to answer.[1] On January 25, 2006, the Client filed a motion to exclude expert testimony pursuant to Tenn. R. Civ. P. 37, claiming the Attorney had failed to timely respond, object to, or request an extension of time to answer the expert interrogatories. The Client requested that the trial court enter an order excluding "any testimony, reference, or witness, including the defendant, on any expert opinion for the trial of February 3, 2006."[2]

On May 2, 2006, the trial court entered an order setting the case for trial on June 28, 2006. The Attorney filed a motion for summary judgment on May 26, 2006. The trial court denied the motion because it was not filed at least sixty days before the trial as required by Hamilton County Circuit Court Local Rule 7.08.

Following a hearing on the Client's motion to exclude evidence, the trial court ruled that the Attorney could not offer expert testimony at trial. The order[3] entered on this matter states as follows:

> This matter came on to be heard fully and finally on the 28th day of June[4] 2006 upon [the Client]'s Motion to Exclude Evidence.

[1]The expert interrogatories are not a part of the record.

[2]The trial was later continued to June 28, 2006.

[3]The order was signed by the Chancellor on June 28, 2006, and filed two days later. However, the court actually ruled on this motion at an earlier date, although the record does not clearly indicate when the ruling was made.

[4]The Court believes this date to be a typographical error. The certificate of service is dated June 27, 2006; however, statements in the transcript indicate that this hearing was actually held prior to June 2006.

The Court having found that [the Attorney] is unwilling or unable to comply by producing responses to Expert Interrogatories, and the Court finding the time for responding has expired and the Court further finding that the continuance of the case from February 3, 2006 to June 28, 2006 and [the Attorney] has still failed to comply, it is therefore

ORDERED that any expert testimony on behalf of [the Attorney] shall be excluded from evidence.

(Capitalization in original; footnote added).

The record indicates that the Client filed an amended motion for Rule 37 sanctions at some time before the trial. That document is not in the record and the date it was heard by the trial court is not identified in the record. However, the record does indicate that the trial court sent a fax to counsel on June 27, 2006, the day before trial, stating that the Client's motion was granted and that the trial would be limited to proof of the Client's damages. Neither the fax nor an order incorporating the court's ruling is in the record.

On the morning of trial, the Attorney filed a motion to reconsider, asking the trial court to set aside the default judgment. After hearing argument, the trial court denied the Attorney's motion to reconsider on the basis that the Rules of Civil Procedure do not authorize the filing of such a motion. The Attorney's counsel then moved to amend the caption of that motion to be identified as a "Motion to Alter or Amend." The court denied this request, stating that the motion was still, in essence, a motion to reconsider. The trial court then reaffirmed its ruling from the previous day limiting the trial to the issue of damages. The court asked the Attorney whether he wanted to (1) empanel a jury to hear the Client's proof of damages, (2) waive the jury and have the court hear the case, or (3) have the court enter an order for the amount of damages sought by the Client without requiring him to present any evidence. The Attorney waived the jury trial, and the Client testified as to the damages he had incurred as a result of the Attorney's conduct. The trial court entered a judgment against the Attorney in the amount of $16,697.38. The Attorney appeals.

III.

The Attorney raises three issues on appeal:

1. Whether the trial court erred in dismissing the Attorney's motion for summary judgment based upon his failure to comply with Hamilton County Circuit Court Local Rule 7.08;

2. Whether the trial court erred in granting a sanction of default under Tenn. R. Civ. P. 37 after granting a sanction precluding the Attorney from introducing expert witness testimony; and

-4-

3. Whether the trial court erred in awarding the Client a judgment when he introduced no expert testimony regarding the standard of care.

## IV.

### A.

In a non-jury case, we review the record *de novo* with a presumption of correctness as to the trial court's findings of fact, and we must honor those findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d); **Union Carbide Corp. v. Huddleston**, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law are accorded no presumption of correctness. **Campbell v. Florida Steel Corp.**, 919 S.W.2d 26, 35 (Tenn. 1996); **Presley v. Bennett**, 860 S.W.2d 857, 859 (Tenn. 1993).

Trial courts have wide discretion with respect to discovery issues. **Strickland v. Strickland**, 618 S.W.2d 496, 501 (Tenn. Ct. App. 1981). Therefore, we utilize an abuse of discretion standard when reviewing a trial court's imposition of sanctions and its determination of the appropriate sanctions. **Alexander v. Jackson Radiology Assocs., P.A.**, 156 S.W.3d 11, 14 (Tenn. Ct. App. 2004) (citing **Lyle v. Exxon Corp.**, 746 S.W.2d 694, 699 (Tenn. 1988)). According to the Supreme Court, "[a] trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." **Eldridge v. Eldridge**, 42 S.W.3d 82, 85 (Tenn. 2001) (internal quotations omitted). Therefore, we must uphold the trial court's ruling as long as reasonable minds could disagree about its correctness. **DeLong v. Vanderbilt University**, 186 S.W.3d 506, 511 (Tenn. Ct. App. 2005).

### B.

We first address whether the trial court erred in dismissing the Attorney's motion for summary judgment based upon his failure to comply with Hamilton County Local Rule of Civil Practice 7.08 ("LRCP 7.08"). LRCP 7.08 requires, *inter alia*, that "Motions for Summary Judgment, for Judgment on the Pleadings or for Dismissal must be filed at least 60 days before trial and replies must be filed at least 30 days before trial." Motions for summary judgment are governed primarily by Tenn. R. Civ. P. 56, which provides that such a motion "shall be served at least thirty (30) days before the time fixed for the hearing." Tenn. R. Civ. P. 56.04.

Addressing local rules of practice in Tennessee trial courts, Rule 18 of the Rules of the Supreme Court provides, in pertinent part, that "any local rule that is inconsistent with a statute or a procedural rule promulgated by the Supreme Court shall be invalid." Rule 18(c), Rules of the Supreme Court of the State of Tennessee (2006).

The Attorney's brief on appeal argues, in essence, that LRCP 7.08 is inconsistent with Tenn. R. Civ. P. 56, and therefore, LRCP 7.08 is invalid. We disagree. Tenn. R. Civ. P. 56.04 addresses

the subject of when a motion for summary judgment must be "served" upon the opposing party. LRCP 7.08 deals with the subject of when such a motion must be "filed." The concept of filing deals with when a paper must be delivered to the clerk of court. The concept of service addresses delivery to a party. Complying with LRCP 7.08 in no way eliminates the requirement of Rule 56.04 that the motion must be *served* thirty or more days before the hearing on the motion for summary judgment. While LRCP 7.08 does add an additional deadline by requiring the motion to be *filed* at least sixty days before trial, this additional deadline is not inconsistent with the deadline set by Rule 56 requiring that the motion be *served* at least thirty days before the hearing on the motion.

The Attorney filed his motion for summary judgment on May 26, 2006, which was less than sixty days before the trial date of June 28, 2006. In view of this, the trial court did not err in dismissing the Attorney's motion because of its failure to comply with LRCP 7.08.

C.

We next must address whether the trial court erred in sanctioning the Attorney under Tenn. R. Civ. P. 37 for his failure to answer expert interrogatories. Rule 37.02 provides, in pertinent part, as follows:

> If a deponent; a party; an officer, director, or managing agent of a party; or, a person designated under Rule 30.02(6) or 31.01 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Rule 37.01 or Rule 35, or if a party fails to obey an order entered under Rule 26.06, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; . . .

Under Tenn. R. Civ. P. 37.04, if a party fails to serve answers or objections to interrogatories after proper service of the interrogatories, a trial court "may make such orders in regard to the failure

as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of Rule 37.02." Among other things, a trial court may enter an "order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;" or enter an order "rendering a judgment by default against the disobedient party." Tenn. R. Civ. P. 37.02.

The parties agree that the trial court had the power under Tenn. R. Civ. P. 37 to exclude any expert testimony on behalf of the Attorney. Given the trial court's specific finding that the Attorney was "unwilling or unable to comply by producing responses to Expert Interrogatories," we cannot say that the trial court abused its discretion in imposing the first sanction. However, we believe that the trial court erred in granting, the day before trial, a sanction of default under Tenn. R. Civ. P. 37.

As we have already noted, the Client's amended motion for Rule 37 sanctions and the court's order granting an additional sanction are not in the record. However, we gather from the transcript of the June 28, 2006, hearing on damages that the Client's amended motion cited two additional instances of lack of cooperation by the Attorney in the discovery process – failure to file a witness list and failure to file an exhibit list. During the hearing, the following statements were made regarding those allegations:

> The Attorney: The Court also granted the second, the amended, rather, motion for sanctions, when nothing had changed after the first month. Nothing whatsoever. The only failure to comply with anything on my part was failure to respond to the expert interrogatories. . . . But the [Client], in their second motion, their amended motion, represented to the Court that [I] had failed to file a witness list and failed to file an exhibit list. And on that basis the Court might certainly have looked that late in the game, failing to file, it might be appropriate to impose some serious sanctions, whether under Rule 37 or the Court's inherent power, but the [Client] misrepresented that fact in –
>
> The Client's Counsel: I'll admit there was an error in that part of the motion, Your Honor. Just that part though.
>
> The Attorney: So, so the representation by the [Client] was that there had been a general failure to cooperate with discovery. We took depositions. I provided anything and everything that was requested. There was no, there was no scheduling conference which I failed to comply with. The only thing I failed to comply with were the expert interrogatories.

We have stated that there are three purposes for discovery sanctions under Tenn. R. Civ. P. 37.02: "(1) to secure a party's compliance with the discovery rules, (2) to deter other litigants from violating

the discovery rules, and (3) to punish parties who violate the discovery rules." ***Burnette v. Sundeen***, 152 S.W.3d 1, 3 (Tenn. Ct. App. 2004) (quoting ***Mansfield v. Mansfield***, No. 01A01-9412-CH-0058, 1995 WL 643329, at *5 (Tenn. Ct. App. M.S., filed November 3, 1995)). While these are all noble goals, any sanction imposed by a trial court for a discovery abuse must be tempered by the requirement that the punishment be "just," according to Tenn. R. Civ. P. 37.04. Thus, we have held that

> a trial court faced with a party who fails to obey an order to provide discovery may render a judgment by default against the disobedient party. Although this sanction is extreme, it is appropriate "where there has been a clear record of delay or contumacious conduct."

***Potts v. Mayforth***, 59 S.W.3d 167, 171 (Tenn. Ct. App. 2001) (quoting ***Shahrdar v. Global Housing, Inc.***, 983 S.W.2d 230, 236 (Tenn. Ct. App. 1998)).

In the case at bar, the Client failed to establish a *new* basis for a *further* sanction under Tenn. R. Civ. P. 37. The Attorney was barred from introducing expert testimony because of his failure to answer expert interrogatories. The trial court then granted what was in essence a default judgment to the Client even though the Attorney had not been guilty of any new or further misconduct. The Client's counsel admitted that the other allegations of discovery abuse included in the amended motion for Rule 37 sanctions – namely, the Attorney's alleged failure to file a witness list and an exhibit list – were incorrect. Thus, the amended motion sought an additional sanction without establishing any further evidence of discovery abuse. Imposing an additional sanction in the absence of a new basis for doing so is, in our opinion, an unjust action, and thus not consistent with Tenn. R. Civ. P. 37.04. Accordingly, we hold that the trial court abused its discretion by granting the Client's amended motion and limiting the trial to the issue of damages only. For this reason, we hold that the trial court erred in permitting the Client to proceed to the issue of damages without establishing liability.

In summary, we hold that the imposition of a further sanction without evidence of any new sanctionable conduct, leveled the day before trial, amounts to an abuse of discretion warranting our judgment to vacate the trial court's decision. Such a sanction — coming as it did at the eleventh hour — would necessarily (1) hamper the Attorney in any possible settlement strategy and (2) significantly change the "landscape" of his defense posture and trial strategy.

D.

The parties had a full hearing on the subject of damages. Therefore, the issue of damages is not an open issue on remand. The percentage of these damages to be assessed against the Attorney will depend upon the degree of the Attorney's fault as determined by the trier of fact.[5]

V.

The judgment of the trial court is vacated. This matter is remanded for a trial on the issue of liability. On remand, the trial court's ruling prohibiting the Attorney from introducing expert testimony will remain in full force and effect. Costs on appeal are assessed half to the appellee, Raymond Clayton Murray, Jr., and half to the appellant, Jes Beard, Esquire.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[5]Obviously, if comparative fault is not an issue on remand, the Attorney will be liable for all of the damages, assuming his liability is shown by a preponderance of the evidence.