IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 12, 2011 Session

## KEVIN JUNKANS v. ALAMO RENTALS, INC. v. PAMELA JUNKANS

**Appeal from the Circuit Court for Montgomery County**
**No. 50500725      Ross H. Hicks, Judge**

**No. M2010-02628-COA-R3-CV - Filed October 28, 2011**

Plaintiff and third-party defendant appeal the circuit court's denial of third-party defendant's motion to dismiss, grant of defendant/third-party plaintiff's motion for sanctions against third-party defendant, and dismissal of the plaintiff's claims. Finding that defendant/third-party plaintiff's complaint makes out a claim for relief as a matter of law, we affirm the circuit court's denial of third-party defendant's motion to dismiss. Finding that the circuit court did not abuse its discretion, we affirm the grant of the motion for sanctions. Finding that defendant negated an element of plaintiff's claim, we affirm the circuit court's dismissal of the plaintiff's case against the defendant.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Lorraine Wade, Nashville, Tennessee, for the appellants, Kevin Junkans and Pamela Junkans.

Christopher J. Pittman and Gregory P. Patton, Clarksville, Tennessee, for the appellee, Alamo Rentals, Inc.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Kevin Junkans ("Mr. Junkans") entered into a rental management agreement with Alamo Rentals, Inc. ("Alamo") in December 1999. At that time, Mr. Junkans's mother,

Pamela Junkans ("Mrs. Junkans"), was his agent[1] and had full authority to act on his behalf regarding the Alamo rental management agreement.

On September 2, 2005, Mr. Junkans filed suit alleging that Alamo mismanaged his rental property. Mr. Junkans's complaint included claims for breach of contract, breach of the duty of good faith and fair dealing, waste, fraud and misrepresentation, violation of the Tennessee Consumer Protection Act, and negligence. After having filed its original answer on October 3, 2005, Alamo filed an amended answer and third-party complaint on June 27, 2006, naming Mrs. Junkans as a third-party defendant, pursuant to Tenn. R. Civ. P. 14.01. Alamo's third-party complaint averred that Alamo relied on Mrs. Junkans's express and apparent authority regarding the management of Mr. Junkans's rental property, that Mrs. Junkans's negligent acts or omissions caused any damages Mr. Junkans sustained, and in the alternative, that Mrs. Junkans's acts or omissions in excess of her agency authority under the power of attorney caused any damages Mr. Junkans sustained. Pursuant to Tenn. R. Civ. P. 12.02(6), Mrs. Junkans filed a motion to dismiss the third-party complaint on July 3, 2006. On August 10, 2006, the circuit court denied Mrs. Junkans's motion, finding that the third-party complaint sufficiently set forth a cause of action against her.

On October 20, 2006, Alamo sent written discovery to Mrs. Junkans. Mrs. Junkans did not provide timely answers, so on January 8, 2007, Alamo filed a motion to compel pursuant to Tenn. R. Civ. P. 37.01. On February 15, 2007, the circuit court entered an order reflecting the parties' agreement that Mrs. Junkans would have until March 1, 2007, to respond to Alamo's first set of interrogatories and request for production of documents. On March 2, 2007, Alamo received Mrs. Junkans's responses to discovery which included several objections and made reference to Mr. Junkans's responses. On April 20, 2007, Alamo filed a motion to determine the sufficiency of those objections and responses to interrogatories and a request for production of documents, pursuant to Tenn. R. Civ. P. 33.01, 34.02, and 37.01. The circuit court granted the motion on October 12, 2007, found that Mr. Junkans and Mrs. Junkans failed to adequately respond to Alamo's first set of interrogatories and request for production of documents, overruled Mrs. Junkans's objections, and ordered Mrs. Junkans to fully respond to the discovery by October 31, 2007. The circuit court further ordered that, pursuant to Tenn. R. Civ. P. 41.02, failure to comply would result in dismissal of Mr. Junkans's cause of action.

Mrs. Junkans did not submit discovery responses by the October 31, 2007 deadline. Pursuant to Tenn. R. Civ. P. 37.02 and 37.04, Alamo filed a motion for sanctions against Mrs. Junkans on January 24, 2008, to which she responded on March 3, 2008. The court's

---

[1] In November 1999, Mr. Junkans executed a general power of attorney appointing Pamela Junkans as his agent.

order resetting the motion for sanctions[2] warned that Mrs. Junkans's failure to comply with the October 12, 2007 order would result in the court's granting Alamo's motion for sanctions pursuant to Tenn. R. Civ. P. 37.02(A), 37.02(B), and 37.04. During the May 23, 2008 motion hearing, the circuit court found that Mrs. Junkans failed to comply[3] with the October 12, 2007 order to fully respond to Alamo's discovery request and consequently granted Alamo's motion for sanctions. The sanctions included a $900.00 attorney's fee award to Alamo from Mrs. Junkans and an order prohibiting Mrs. Junkans from introducing evidence responsive to Alamo's interrogatories and requests for production of documents at trial. Furthermore, pursuant to Tenn. R. Civ. P. 37.02(A), in its May 23, 2008 order, the circuit court deemed established the following facts alleged in Alamo's third-party complaint:

A. That Mrs. Junkans acted as the agent of Mr. Junkans with full power and authority to do and perform each and every act and matter concerning his estate, property and affairs at all times material herein;

B. That Mrs. Junkans represented herself to Alamo as the agent of Mr. Junkans with full and complete authority to act on behalf of Mr. Junkans regarding the subject rental management agreement;

C. That during the course of the rental management agreement, Alamo managed the subject property pursuant to said agreement and the authorization, direction and control exerted by Mrs. Junkans, as agent for Mr. Junkans;

D. That during the time of said rental management agreement, Alamo relied upon the express and apparent authority of Mrs. Junkans in the management of the subject property;

E. That any loss or damages sustained by Mr. Junkans was caused by the negligent acts or omissions of Mrs. Junkans, as agent for Mr. Junkans; and,

F. That any loss or damages sustained by Mr. Junkans was caused by the acts or omissions of Mrs. Junkans in excess of her agency authority under the power of attorney executed by Mr. Junkans.

---

[2] The motion for sanctions had been reset a few times by this point, but on April 28, 2008, the court granted Mrs. Junkans additional time to comply with the October 12, 2007 order. The court's order reflecting this holding was entered on May 23, 2008.

[3] Mrs. Junkans asserts that on May 2, 2008, she submitted to Alamo a second set of discovery responses in which she had supplemented and made changes to the first set of responses. These supplemental responses were never made part of the record.

On September 17, 2010,[4] Alamo filed a motion to dismiss Mr. Junkans's cause of action, pursuant to Tenn. R. Civ. P. 12. At the November 1, 2010 hearing, the circuit court found that, based upon its determinations set forth in its May 23, 2008 order granting Alamo's motion for sanctions, there remained no issues regarding Alamo's liability. Therefore, the circuit court granted Alamo's motion to dismiss. In addition, the circuit court determined that any relief Mr. Junkans could obtain would be through a claim against Mrs. Junkans and left the matter pending for any further claim that Mr. Junkans wished to pursue against her.

In this appeal, Mr. Junkans and Mrs. Junkans raise the following issues which we summarize below:

(1) Whether the circuit court erred when it denied Mrs. Junkans's motion to dismiss the third-party complaint for failure to state a claim.

(2) Whether the circuit court erred when it sanctioned Mrs. Junkans for not complying with the order to fully respond to discovery.

(3) Whether the circuit court erred when it dismissed Mr. Junkans's claims against Alamo.

**ANALYSIS**

1. Alamo's Third-party Complaint

We are asked to examine whether the circuit court erred in denying Mrs. Junkans's motion to dismiss the third-party complaint. The purpose of a Rule 12.02(6) motion to dismiss is to test the legal sufficiency of the complaint, not the strength of the complainant's proof. *Webb v. Nashville Area Habitat for Humanity, Inc.,* 346 S.W.3d 422, 426 (Tenn. 2011); *Doe v. Sundquist,* 2 S.W.3d 919, 922 (Tenn. 1999). In reviewing the circuit court's ruling on a motion to dismiss based on Rule 12.02(6), we must liberally construe the pleadings, presuming all factual allegations are true and drawing all reasonable inferences in favor of the complainant. *Webb, 346 S.W.3d at 426; Tigg v. Pirelli Tire Corp.,* 232 S.W.3d 28, 31 (Tenn. 2007); *Kincaid v. SouthTrust Bank,* 221 S.W.3d 32, 37 (Tenn. Ct. App. 2006). The motion to dismiss should be denied unless it appears that the complainant can prove no set of facts in support of its claim that would entitle it to relief. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.,* 986 S.W.2d 550, 554 (Tenn. 1999).

---

[4] In 2008, Mr. Junkans gave notice that he was deployed by the military, thus resulting in a period of time in which no activity occurred in the case.

Furthermore, the pleadings need not contain great specificity to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *White v. Revco Disc. Drug Ctrs., Inc.,* 33 S.W.3d 713, 718 (Tenn. 2000) (citing Tenn. R. Civ. P. 8.01). We review questions of law de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999). This court must determine whether the facts set forth in Alamo's third-party complaint make out a claim for relief as a matter of law. *See Rogers v. State Volunteer Mut. Ins. Co.*, No. M2007-01599-COA-R3-CV, 2008 WL 1931531, at *2 (Tenn. Ct. App. May 2, 2008).

The essence of Alamo's third-party complaint is that Mr. Junkans's agent, Mrs. Junkans, not Alamo, is liable for any damages related to the management of Mr. Junkans's rental property because Alamo followed Mrs. Junkans's instructions. Specifically, Alamo's amended answer and its third-party complaint (which adopts by reference the contents of its amended answer) allege, among other things, that:

a. Mrs. Junkans provided Alamo with a power of attorney for Mr. Junkans and represented herself to Alamo as Mr. Junkans's agent regarding the rental management agreement and rental property.

b. Alamo managed the rental property pursuant to the rental management agreement and in reliance upon Mrs. Junkans's representations that she had authority to act as Mr. Junkans's agent with regards to the rental management agreement and the rental property.

c. Mrs. Junkans failed to inspect the rental property during the period of management and thus permitted the waste Mr. Junkans alleged in his complaint.

d. Mrs. Junkans's acts or omissions as agent for Mr. Junkans caused the alleged waste and/or damages to the rental property.

e. Mrs. Junkans's acts which exceeded the scope of her agency and breached the rental management agreement caused the alleged waste and/or damages to the rental property.

For purposes of this appeal, we take as true the foregoing allegations of fact drawn from Alamo's third-party complaint and note that the parties do not dispute that a principal-agent relationship existed between Mr. Junkans and Mrs. Junkans. In support of her motion to dismiss the third-party complaint, Mrs. Junkans states that "by law [she] cannot be held liable for any acts that she may have committed on behalf of Mr. Junkans." On the contrary,

"[a]gency status is not a shield against personal liability for one's own acts." *Gross v. McKenna*, No. E2005-02488-COA-R3-CV, 2007 WL 3171155, at *4 (Tenn. Ct. App. Oct. 30, 2007). In addition, Alamo's third-party complaint alleges that Alamo relied upon Mrs. Junkans's representations that she had the authority to approve all of Alamo's actions regarding the rental property. Mr. Junkans's complaint alleges that Alamo's actions were unauthorized. Thus, Alamo's position is that Mrs. Junkans's assertions and actions amounted to a misrepresentation. "[A]n agent cannot escape liability for tortious acts, including fraud or misrepresentation, against third persons simply because the agent was acting within the scope of the agency or at the direction of the employer." *Allied Sound, Inc. v. Neely,* 909 S.W.2d 815, 821 (Tenn. Ct. App. 1995) (quoting *Brungard v. Caprice Records, Inc.,* 608 S.W.2d 585, 590 (Tenn. Ct. App. 1980)).

Having presumed that the factual allegations in Alamo's third-party complaint are true, we find that it presents viable claims against Mrs. Junkans. We therefore affirm the circuit court's denial of Mrs. Junkans's motion to dismiss Alamo's third-party complaint.

2. Discovery Sanctions Against Mrs. Junkans

Tenn. R. Civ. P. 37.02 includes a broad but unexclusive list of sanctions available to a trial court when a party fails to obey an order compelling discovery. Subsection (A) allows the trial judge to enter "[a]n order that . . . any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order." Subsection (B) allows the trial judge to prohibit the disobedient party "from introducing designated matters in evidence." The final paragraph states that, in place of or in addition to other sanctions, "the court *shall* require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure. . . ." (emphasis added). Discovery sanctions "serve a three-fold purpose: (1) to secure a party's compliance with the discovery rules, (2) to deter other litigants from violating the discovery rules, and (3) to punish parties who violate discovery rules." *Mansfield v. Mansfield,* No. 01A019412CH0058, 1995 WL 643329, at *5 (Tenn. Ct. App. Nov. 3, 1995). A trial court's actions under Rule 37.02 are not to be disturbed absent an abuse of discretion. *Potts v. Mayforth,* 59 S.W.3d 167, 171 (Tenn. Ct. App. 2001).

Mrs. Junkans asserts that "there is no proof that [she] did not answer [Alamo's] discovery" and that "[t]o hold her accountable after making two attempts amounts to an abuse of discretion by the trial court." Because Mrs. Junkans did not make her supplemental discovery responses part of the record, we cannot evaluate their adequacy. It was up to Mrs. Junkans to place evidence in the record to support her position. The appellant must ensure that the record conveys "a fair, accurate and complete account of what transpired with respect

to those issues that are the basis of appeal." Tenn. R. App. P. 24(a). Absent her supplemental responses, we cannot evaluate her argument.

We note that the circuit court issued sanctions seven months after Mrs. Junkans did not comply with the order to fully respond to Alamo's first set of interrogatories and request for production of documents and nineteen months after Alamo first propounded discovery to her. In addition, the circuit court specifically warned Mrs. Junkans that her continuous violation of the October 12, 2007 order would result in the grant of Alamo's motion for sanctions.

Though Mrs. Junkans does not dispute the amount of $900.00, she further argues that "[t]he award of attorney fees was also erroneous because Alamo's counsel failed to state what he did to justify the award." We disagree. The request for attorney's fees was accompanied by a sworn affidavit listing Alamo's attorney's time spent, work done, and billable rate. As mentioned above, the last paragraph of Tenn. R. Civ. P. 37.02 specifically requires a party who fails to obey discovery orders to pay the attorney's fees "caused by the failure, unless the court finds that the failure was substantially justified . . . ." The circuit court did not so find.

A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). Based on this record, we are of the opinion that the circuit court acted within its discretion in sanctioning Mrs. Junkans for her repeated failure to fully and timely respond to Alamo's discovery requests. We therefore affirm the grant of the motion for sanctions.

### 3. Alamo's Motion to Dismiss

Although Alamo filed a motion to dismiss, we find that the circuit court converted this motion into a motion for summary judgment by considering matters outside the pleading, namely the issues set forth in Alamo's motion for sanctions and the court's order imposing discovery sanctions. *See* Tenn. R. Civ. P. 12.02. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson,* 100 S.W.3d 202, 205 (Tenn. 2003). We consider the evidence in the light most favorable to the non-moving party and resolve all inferences in that party's favor. *Godfrey v. Ruiz,* 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, we must determine whether factual disputes exist. *Byrd v. Hall,* 847 S.W.2d 208, 211 (Tenn. 1993). If a factual dispute exists, we must determine whether the fact is material to the claim or defense upon which the summary

judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Id.; Rutherford v. Polar Tank Trailer, Inc.,* 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998). To shift the burden of production to the nonmoving party who bears the burden of proof at trial, the moving party must negate an element of the opposing party's claim or "show that the nonmoving party cannot prove an essential element of the claim at trial." *Hannan v. Alltel Publ'g Co.,* 270 S.W.3d 1, 8–9 (Tenn. 2008).

As stated above, in its order granting Alamo's motion for sanctions against Mrs. Junkans, the circuit court "deemed established for the purpose of [the] action" the following issues identified in Alamo's third-party complaint:

A. That Mrs. Junkans acted as the agent of Mr. Junkans with full power and authority to do and perform each and every act and matter concerning his estate, property and affairs at all times material herein;

B. That Mrs. Junkans represented herself to Alamo as the agent of Mr. Junkans with full and complete authority to act on behalf of Mr. Junkans regarding the subject rental management agreement;

C. That during the course of the rental management agreement, Alamo managed the subject property pursuant to said agreement and the authorization, direction and control exerted by Mrs. Junkans, as agent for Mr. Junkans;

D. That during the time of said rental management agreement, Alamo relied upon the express and apparent authority of Mrs. Junkans in the management of the subject property;

E. That any loss or damages sustained by Mr. Junkans was caused by the negligent acts or omissions of Mrs. Junkans, as agent for Mr. Junkans; and,

F. That any loss or damages sustained by Mr. Junkans was caused by the acts or omissions of Mrs. Junkans in excess of her agency authority under the power of attorney executed by Mr. Junkans.

The circuit court's imposition of sanctions had the effect of establishing that Mrs. Junkans, not Alamo, was liable for any damages that Mr. Junkans suffered. The circuit court determined "[t]hat there are no other issues regarding the liability of Alamo to be determined in this matter . . . and that there is no just reason for delay in entering final judgment in favor of Alamo." This left no room for comparative fault to be assessed between Alamo and Mrs. Junkans. The court properly dismissed Mr. Junkans's claim against Alamo because of its

determination, based on the sanctions previously imposed on Mrs. Junkans, that any damages Mr. Junkans suffered were caused by Mrs. Junkans's actions. Alamo had negated the causation element of Mr. Junkans's claim.

Mr. Junkans argues that he "was not a [sic] subject to the [order granting Alamo's motion for sanctions] and hence his case should not be lost because of the sanctions against his mother." This argument is flawed. The circuit court's order specifically states that Mr. Junkans's case "shall remain pending for any further action taken by Kevin Junkans regarding his claim for damages against Pamela Junkans." Mr. Junkans's claims are still viable, but he has simply chosen not to pursue them against his mother. We affirm the circuit court's grant of the motion to dismiss Mr. Junkans's complaint against Alamo.

### 4. Frivolous Appeal

Alamo argues that Mrs. Junkans's appeal is frivolous. Pursuant to Tenn. Code Ann. § 27-1-122, "[w]hen it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may . . . award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal." An appeal is considered frivolous when it has no reasonable chance of success and is so devoid of merit that imposing a penalty is justified. *Whalum v. Marshall,* 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006). Mrs. Junkans presented a weak case on appeal, but we are not willing to label her appeal as frivolous.

Costs of appeal are assessed against Mr. Junkans and Mrs. Junkans, jointly and severally, the appellants.

_____
ANDY D. BENNETT, JUDGE