# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
January 5, 2010 Session

## RENNEE N. DHILLON v. GURSHEEL S. DHILLON

**Appeal from the Chancery Court for Williamson County**
**No. 33026      Jeffrey S. Bivins, Judge**

---

**No. M2009-00017-COA-R3-CV - Filed March 31, 2010**

---

Husband raises numerous issues regarding the trial court's handling of this divorce. He asserts that the court erred in denying his motion to dismiss based upon improper venue, in approving the parties' marital dissolution agreement and denying his subsequent motion to set aside the agreement, in denying his petition to modify pendente lite support, in failing to address Wife's alleged efforts to alienate the parties' child from Husband, and in awarding excessive attorney fees to Wife. We affirm the trial court's decisions, and because Husband's appeal is frivolous, we award Wife her attorney fees on appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and FRANK G. CLEMENT, JR., J., joined.

Gursheel S. Dhillon, Estill Springs, Tennessee, Pro Se.

Virginia Lee Story, Franklin, Tennessee, for the appellee, Rennee N. Dhillon.

FACTUAL AND PROCEDURAL BACKGROUND

Gursheel Dhillon ("Husband") and Rennee Dhillon ("Wife") were married in 1999 in India. Wife filed a petition for divorce in Williamson County, Tennessee, on November 7, 2006; at that time, she was eight months pregnant with the parties' only child. In the petition, Wife's mailing address was listed as being on Waterbury Circle in Franklin, Tennessee; Husband's mailing address was listed as being on Plainview Drive in Estill Springs, Tennessee. Wife, alleging that Husband had vacated the marital residence, requested that she be awarded exclusive possession of the marital home pendente lite. Attorney Rose Palermo filed a notice of appearance for Husband on November 21, 2006. The parties' child was born on December 10, 2006.

Wife filed a motion for "temporary family support" in January 2007. On March 25, 2007, the court entered an order finding that Husband had been untruthful with the court, requiring him to file an amended statement reflecting his income and expenses, ordering him to be responsible for the mortgage payments on the Waterbury Circle property, and ordering the parties to continue with the agreed parenting arrangement "whereby Mother is living in the residence with the minor child in Franklin and Father is coming to the home on Tuesday evenings and every other weekend."

Attorney Palermo filed a motion to withdraw as Husband's attorney on March 21, 2007, and the court granted the motion on April 18, 2007. Attorney Robert Jackson filed a motion on behalf of Husband on April 10, 2007; he moved to withdraw on August 9, 2007, and the court granted the motion on August 23, 2007. On September 7, 2007, Cynthia Bohn, Husband's third attorney, filed a motion to alter the court's previous order regarding temporary support. In the motion, Husband referred to the marital residence as being the house where Wife was living (in Franklin).

Later in September 2007, Husband filed a motion asking the court "to list the Residence located at 213 Waterbury Circle, Franklin, Tennessee for Sale." In a letter written to the judge by Husband, Husband asserted, in reference to the house in Franklin, that he and

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Wife had been "sharing possession of the residence" and that Wife "by changing the locks on the marital residence [referring to the house in Franklin] denied father access to the house."

On September 21, 2007, Husband filed an answer to Wife's divorce petition. In his countercomplaint, Husband stated that the parties' residence at the time of separation was on Waterbury Circle in Franklin.

In late September 2007, the court held a hearing to address a number of motions filed by both parties. The court denied Husband's motion to sell the property on Waterbury Circle in Franklin. In response to Husband's motion to alter temporary support, the court ruled that Husband would remain responsible for the mortgage on the Franklin home. Wife was given exclusive possession of the Franklin home, and Husband was given exclusive possession of the home in Estill Springs. The court established a parenting schedule and declined to find Husband in contempt of court.

In November 2007, Wife filed a motion to interplead Husband's parents, Harbhajan Dhillon and Kuldip Dhillon, as third-party defendants on the ground that their names were on many assets acquired during the marriage and interpleader was necessary to clarify the ownership of those assets. Later that month, Ms. Bohn filed a motion to withdraw as Husband's counsel.

On December 10, 2007, Husband (through attorney Bohn) filed a motion to transfer the case to Franklin County[2] or to dismiss the case on the grounds that Williamson County was not the parties' residence at the time of separation pursuant to Tenn. Code Ann. § 36-4-105(a) and that venue was therefore not proper in Williamson County. Husband also filed a motion to amend his answer and countercomplaint to add an affirmative defense.

Later in December 2007, the court held a hearing on Wife's motions for contempt and motion for attorney fees and expert fees and on Husband's motion for change of venue and motion to amend his countercomplaint. In an order entered on January 7, 2008, the court denied Husband's motion for change of venue "as the same has been waived" and denied the motion to amend. The court found Husband to be in willful civil contempt for conveying the deed to a piece of property in Tullahoma to his parents but declined to impose any punishment on Husband since the parents were being added as parties. The parents were enjoined from transferring the Tullahoma property. The court further determined that Husband "willfully and intentionally violated the statutory Restraining Order by withdrawing

---

[2]Estill Springs is in Franklin County; Franklin is in Williamson County.

funds from the Smith Barney account." Husband was ordered to replace the $50,000 he had withdrawn from the account.

> In its order, the court also questioned Husband's credibility:
> The Court finds that Husband's credibility is in serious question based upon his testimony here today in this Courtroom. This Court has been presented yet again with what appears to be a shell game by Mr. Dhillon, in identifying and moving assets and transferring assets, failure to identify those. The Court has looked very closely to the credibility of the parties on this issue. When the Court looks at the credibility of the parties on this, the Court notes its previous experience, in which Mr. Dhillon committed perjury before this Court with regard to prior testimony. Furthermore, Mr. Dhillon's testimony here today, when presented with the February 2006 financial statement submitted for a loan, his comment was that that's not an accurate statement. Yet Mr. Dhillon certified again, under . . . possible criminal sanctions, that that was in fact an accurate statement at the time it was given.

The court ordered Husband to pay Wife $15,000 toward her legal and expert fees in the case.

The court entered a separate order granting Wife's motion to interplead Husband's parents. The court noted that Husband's parents consented "to the jurisdiction and venue of this Court." Wife thereafter filed a complaint against Husband's parents, and they answered and filed a countercomplaint against Wife and Husband.

Attorney Bohn renewed her motion to withdraw in January 2008, and the court granted her motion. Attorneys John Milazo and Shayne Bransfield were substituted as counsel for Husband. On March 25, 2008, yet another attorney, Jeffrey Levy, filed a motion to continue on Husband's behalf. Attorneys Milazo and Bransfield were permitted to withdraw, and attorney Levy was substituted as counsel for Husband.

On March 25, 2008, the court held a hearing on a motion to compel and for civil contempt filed by Wife. Husband was ordered to provide certain tax documents and other documents to Wife. Based upon its finding that Husband should have provided this documentation previously, the court ordered Husband to pay Wife her attorney fees in connection with the motion to compel and for civil contempt in the amount of $2,500.

Husband filed for Chapter 11 bankruptcy in April 2008, and Wife moved for relief from the stay. The bankruptcy court granted Wife's motion for relief from the stay.

On September 10, 2008, attorney Levy moved to withdraw as Husband's counsel. After a hearing on Mr. Levy's motion to withdraw, the trial court ordered that the motion would be granted, but "only after the currently scheduled deposition of Husband" was completed. Husband was deposed on September 11 and 12, 2008. On September 19, 2008, Husband himself submitted a filing requesting modification of pendente lite support, an award of support for Husband, and an interlocutory appeal on the court's award of attorney fees to Wife.

A hearing was held on September 22, 2008, on Mr. Levy's oral emergency motion to withdraw or for further instructions. Mr. Levy advised the court that Husband was now requesting his immediate withdrawal and the continuance of his deposition, two days of which had already taken place. Husband stated that he desired to obtain new counsel and that he would be seeking a continuance of the trial, which was set for November 2008. Wife objected to any continuance. The court denied Husband any continuance of his deposition or of the trial dates, whereupon Husband agreed that Mr. Levy would continue to represent him at his deposition.

A document entitled "Marital Dissolution Agreement and Settlement Agreement Between All Parties" (the "Agreement") was executed by Husband, Wife, and Harbhajan Dhillon on October 7, 2008, and by Kuldip Dhillon on October 8, 2008. Mr. Levy signed as Husband's attorney. On October 8, 2008,[3] the court determined that all matters pertaining to the granting of a divorce and the division of property had been compromised and settled in the Agreement. The court ordered Husband and Wife divorced on stipulated grounds, found that "the MDA is fair and equitable" and approved the agreement, and ordered that the third-party lawsuit was settled in accordance with the terms of the MDA and settlement agreement. Mr. Levy signed the final decree as attorney for Husband.

On October 15, 2008, Husband filed a pro se motion for contempt of court and to designate him as the primary residential parent. Mr. Levy filed a notice of withdrawal on October 16, 2008 referencing the court's previous order granting him permission to withdraw after completion of Husband's deposition. Mr. Levy stated that the parties had reached agreement on all financial matters except child support on October 7, 2008, that Wife's attorney had advised Mr. Levy that she did not plan to resume Husband's deposition, and that there remained no outstanding matters between Husband and the third-party defendants. Thus, Mr. Levy gave notice that he no longer represented Husband. On October 29, 2008, yet another attorney, Dana McLendon, filed a notice of appearance on behalf of Husband.

---

[3]The court's decree states that the hearing occurred on September 8, 2008. Given the surrounding circumstances, including the signing of the Agreement on October 7, 2008 and the fact that the decree was signed and entered on October 8, 2008, we conclude that the hearing occurred on October 8, 2008.

The court held a hearing on November 5, 2008, to address the parenting plan issues reserved by the parties. Attorney McLendon represented Husband at the hearing. The court found that the parties had reached agreement on most of the parenting plan issues. After hearing proof related to the remaining issues of Thursday overnight parenting time, child support, and transportation, the court adopted a permanent parenting plan. The court's order and permanent parenting plan were entered on November 11, 2008.

On November 7, 2008, Husband filed a pro se "Motion to Alter and Ammend [sic] Marital Dissolution Agreement" pursuant to Tenn. R. Civ. P. 59.04. The court denied Husband's Rule 59 motion in an order entered on November 14, 2008. On December 9, 2008, Husband, through attorney McLendon, filed a "Motion to Alter, Amend and/or Clarify" the court's November 11, 2008 order, citing Tenn. R. Civ. P. 59 and 60. On December 10, 2008, a motion to set aside the parenting plan order pursuant to Rule 59 was filed on behalf of Husband by attorney Eric Burch.

The court entered an order on December 17, 2008, denying Husband's motion to alter or amend the court's November 11, 2008 order. On December 18, 2008, the court entered an order denying Husband's third motion seeking to alter or amend the November 11, 2008 order. This appeal followed.[4]

### ISSUES ON APPEAL

Husband asserts that the trial court erred in its ruling on venue, in accepting the Agreement, in refusing to set aside the Agreement, by violating his constitutional or statutory rights, in failing to modify pendente lite support, in failing to address Wife's alleged efforts to alienate the parties' child from Husband, and in awarding excessive attorney fees. Wife argues that Husband's appeal should be dismissed for failure to comply with Tenn. R. App. P. 6(a) and 27(a) and seeks an award of attorney fees on appeal.

The third-party defendants, Husband's parents, filed a motion with this court to be joined as parties to the appeal. On December 22, 2009, this court accepted the third-party defendants' motion as their brief and ordered that they would be allowed to participate in oral argument. The third-party defendants argue that the trial court erred in adjudicating their property rights in a divorce proceeding.

---

[4]We deem it unnecessary to summarize the extensive post-appeal trial court filings and hearings.

ANALYSIS

Husband represents himself on appeal. We are, therefore, mindful of the principles set out by this court in *MBNA Am. Bank, N.A. v. Baker*, No. M2004-02239-COA-R3-CV, 2007 WL 3443600, at *3 (Tenn. Ct. App. Nov. 15, 2007), including the following:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

## Venue

Husband's main argument on appeal is that the trial court erred in failing to dismiss the case for lack of venue. Relying on Tenn. Code Ann. § 36-4-105,[5] Husband argues that venue was not proper in Williamson County because the parties resided in Franklin County at the time of separation.

Tenn. R. Civ. P. 12.08 provides that "[a] party waives all defenses and objections which the party does not present either by motion . . . or . . . in the party's answer or reply . . . ." The rule specifies that improper venue cannot be raised by amendment to a party's answer or reply. Tenn. R. Civ. P. 12.08. Our Supreme Court has described venue as "the personal privilege of a defendant to be sued in particular counties" and has held that the

---

[5]Tenn. Code Ann. § 36-4-105(a) governs venue in divorce cases:

The bill or petition may be filed in the proper name of the complainant, in the chancery or circuit court or other court having divorce jurisdiction, in the county where the parties reside at the time of their separation, or in which the defendant resides, if a resident of the state; but if the defendant is a nonresident of the state or a convict, then in the county where the applicant resides.

privilege is "waived by a defendant who defends upon the merits without first interposing an objection to improper venue." *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). In this case, Husband made numerous motions in response to Wife's November 2006 petition for divorce before raising the issue of venue. In September 2007, Husband filed an answer and asserted in his countercomplaint that the parties' residence at the time of their separation was Waterbury Circle in Franklin. It was not until December 2007 that Husband objected to venue in Williamson County.

We concur with the trial court's ruling that Husband waived the venue defense. Moreover, Husband's statement in his counterpetition that the parties resided in Franklin at the time of separation amounts to a concession on that issue.[6]

## Property settlement

The precise contours of Husband's assertions regarding the Agreement are unclear. He appears to argue that the trial court erred in approving the Agreement initially and in refusing to grant Husband's subsequent request for relief under Tenn. R. Civ. P. 59. We cannot agree.

In its final decree adopting the Agreement, the trial court found that "the MDA is fair and equitable" and that "adequate and sufficient provision has been made for the division of property and debts and equitable settlement of their property rights." Husband points to motions and arguments made before the court's approval of the Agreement in which Husband insisted that the Waterbury house was his separate property and requested that all property be classified before division. He suggests that his previously asserted positions should have alerted the court that the Agreement was somehow invalid. Husband's position on appeal reflects a limited understanding of the settlement process and the trial court's role in approving such an agreement. Parties frequently espouse positions during the litigation process that are abandoned or compromised in order to effectuate settlement. Settlement would be a rare occurrence if parties were unable to modify their positions in the spirit of compromise.

Husband further asserts that Mr. Levy, who signed the final decree on Husband's behalf, was not authorized by Husband to do so and was not in court on the day of the entry of the final decree on October 8, 2008. The purpose of that hearing was to submit the

---

[6]The article submitted by Husband to this court after oral argument concerning venue and jurisdiction in cases where venue is "localized" is not instructive in the present case since, as the article acknowledges, divorce cases do not fall into the affected category. *See* June F. Entman, *Jurisdiction, Venue and "Localized" Actions in Tennessee*, 39 TENN. B. J., Apr. 2003, at 34.

Agreement to the court for its approval. Husband does not dispute that his notarized signature appears on the Agreement and that he initialed every page of the agreement. The record contains no support for Husband's argument.

Husband reiterates his objections to the final decree and Agreement as set forth in his motion to alter or amend filed on November 7, 2008, pursuant to Tenn. R. Civ. P. 59 and argues that the trial court erred in denying this motion. We review a trial court's denial of a Rule 59 motion to alter or amend a judgment under an abuse of discretion standard. *Chambliss v. Stohler*, 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003). An abuse of discretion occurs when a trial court "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." *Caldwell v. Hill*, 250 S.W.3d 865, 869 (Tenn. Ct. App. 2007) (citing *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)). Under this standard, we are required to uphold the ruling "as long as reasonable minds could disagree about its correctness." *Id*. Furthermore, "we are not permitted to substitute our judgment for that of the trial court." *Id*. Thus, under the abuse of discretion standard, we give great deference to the trial court's decision. *See Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003).

Motions to alter or amend a judgment pursuant to Tenn. R. Civ. P. 59 may be granted "(1) when the controlling law changes before a judgment becomes final, (2) when previously unavailable evidence becomes available, or (3) when, for sui generis reasons, a judgment should be amended to correct a clear error of law or to prevent injustice." *Whalum v. Marshall*, 224 S.W.3d 169, 175 (Tenn. Ct. App. 2006) (quoting *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998)). Husband disagrees with the division of property between Husband and Wife, particularly with respect to the Waterbury Circle house, and asserts that the trial court was biased and unfair throughout the proceedings and that Wife failed to disclose relevant assets and income.[7] As previously discussed, however, the parties entered into a settlement agreement regarding the division of property. The Waterbury Circle house is the only piece of real property received by the Wife under the terms of the Agreement.[8] Husband has failed to point to any evidence in the record to support his position that the trial court abused its discretion in denying his Rule 59 motion challenging the approval of the Agreement. We find no error.

---

[7]Husband specified in his motion that he did not challenge the trial court's determinations with respect to the third-party defendants.

[8]Wife also waived any right to alimony.

Bias

Husband's brief contains the following issue statement: "Whether the Trial Court erred by violating Appellant's Constitutional Rights and Statutes of Laws [sic], the Trial Court engage in ex parte communication and failed to act on issues raised by this Appellant indicating and [sic] unfair and impartial [sic] Trial Court." In the body of the brief, however, Husband fails to identify specific constitutional or statutory rights at issue. We consider these arguments waived. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-77 (Tenn. Ct. App. 1996).

In a section of his brief entitled "abuse of discretion," Husband sets out a litany of alleged errors committed by the trial court and argues that these actions by the trial court evidence bias and animosity toward Husband.[9] We find nothing in the record to indicate that Husband ever moved for the trial judge's recusal. Absent evidence of egregious bias, this court considers the issue of bias waived by a party's failure to file a timely motion for recusal. *See Lofton v. Lofton*, No. W2007-01733-COA-R3-CV, 2008 WL 5423985, at *3 (Tenn. Ct. App. Dec. 30, 2008). Moreover, recusal is warranted "when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994). To disqualify a judge, bias "must stem from an extrajudicial source and not from what the judge hears or sees during the trial." *Wilson v. Wilson*, 987 S.W.2d 555, 562 (Tenn. Ct. App. 1998). The fact that a judge rules against a party does not necessarily indicate bias and is not a ground for recusal. *State v. Reid*, 213 S.W.3d 792, 816 (Tenn. 2006). Having reviewed the improprieties alleged by Husband, we conclude that these rulings do not show any improper bias on the part of the trial judge.

Pendente lite support

Husband's brief includes the following issue statement: "Whether the Trial Court provided an excessive Alimony and Support when it was determined the Appellee had no need and the Appellant filed for Bankruptcy and therefore by failure to modify pendente lite support after a material change of circumstances." We understand Husband's argument to be that the trial court erred in failing to modify pendente lite support. Husband and Wife are

---

[9]With respect to some of the asserted errors, Husband fails to provide adequate explanation, citation to relevant parts of the record, and/or legal authorities. For example, Husband asserts that the trial court abused its discretion in finding Husband's attorney in contempt for a remark made in court. The record on appeal does not include a transcript of any such proceedings or the pertinent contempt findings. To the extent that Husband's statements are not supported by argument in the brief or by basis in the record, we consider them waived.

both physicians, and Husband argues that Wife did not need temporary support since she was able to earn a good living on her own.

We begin by reviewing the sequence of events leading up to the trial court's decision to deny Husband's motion to modify pendente lite support. Wife filed a motion requesting "temporary family support" in January 2007. After a hearing in March 2007, the trial court entered an order on March 25, 2007 including a finding that Husband had been "untruthful with the Court" and requiring him to file an amended income and expense statement. The order also provided for temporary support as follows:

> Husband shall be responsible for all mortgage payments on the home located at 213 Waterbury Circle, Franklin, Tennessee beginning with March, 2007 pending final hearing in this cause. . . . Husband and Wife both verified that the Husband's uncle is living at the residence at 213 Waterbury Circle, Franklin, Tennessee and that he has been paying all utilities associated with said home which arrangement will continue pendente lite.[10]

The March 2007 order also established the parties' parenting time. In September 2007, Husband filed a motion to alter the March 2007 order with respect to parenting time and temporary support. On the latter issue, Husband argued that Wife had started back to work (after maternity leave) earning approximately $6,000 per month. Husband asserted that he should be awarded possession of the Waterbury Circle home or that Wife should be required to contribute to the mortgage. In an order entered on November 11, 2007, the trial court decreed that Husband was still responsible for the mortgage on the Waterbury Circle home. The court gave Husband the option of refinancing the home or quit claiming his interest to Wife, but he was to continue to be responsible for "[a]ny reasonable mortgage payments."[11]

At the September 2007 hearing on Husband's motion to modify temporary support and other matters, the court heard testimony from both parties concerning their financial status and needs.[12] Husband took the position that he was having financial troubles and that his extensive business dealings pertained to assets owned by his parents, not by him. In

_____

[10]Husband was also required to reimburse Wife for property tax payments and to be responsible for home owner's dues.

[11]Husband filed another motion for modification of pendente lite support on September 19, 2008. The parties entered into the Agreement and it was approved by the court on October 8, 2008; the motion to modify was never heard by the court.

[12]The transcript of this hearing in the record is missing several pages, including part of the court's ruling on the issue of temporary support.

-11-

determining that Husband was to remain responsible for Wife's mortgage payments, the court implicitly credited Wife's testimony and concluded that Husband had sufficient assets to allow him to pay Wife's mortgage during the pendency of the divorce proceedings. It is also noteworthy that there was no separate award for temporary child support, so the pendente lite support was the only support being paid by Husband.

Tenn. Code Ann. § 36-5-121(b) gives a trial court broad discretion to award temporary support during the pendency of the divorce litigation. We find no error in the trial court's denial of Husband's motion to alter its ruling with respect to temporary support.

Parenting plan

Husband argues that the trial court erred by failing to acknowledge and by aiding Wife's "continuous and on-going actions of alienating the child" from Husband. The parties reached an agreement on the key provisions of the final parenting plan.[13] Husband is now taking issue with the trial court's handling of various interim rulings regarding visitation. He assigns error to a number of rulings made by the trial court during the pendency of the divorce to resolve disagreements between the parties with respect to visitation and asserts that Wife made misrepresentations to the court. In support of his assertions, Husband cites statements made by counsel or testimony that is inapposite, or he makes no citation to the record at all. Husband's arguments in this regard find no support in the record and we decline to consider them.

Husband also assigns error to the trial court's denial of his motion for a continuance of the final hearing on parenting issues set for November 5, 2008; the basis of Husband's motion to continue was the fact that he had recently retained new counsel and needed more time to prepare. Since the parties subsequently entered into an agreement with respect to most of the parenting plan, we consider this issue to be without merit. Moreover, a trial court's ruling on a motion to continue is reviewed under the abuse of discretion standard. *Barber & McMurry, Inc. v. Top-Flite Dev. Corp., Inc.*, 720 S.W.2d 469, 471 (Tenn. Ct. App. 1986). We find no abuse of discretion here.

---

[13]The only issues determined by the trial court based on proof were the timing of Husband's alternate weekend parenting time (Thursday through Sunday versus Friday through Sunday), transportation, and child support.

<u>Attorney fees</u>

Husband argues that the trial court awarded Wife excessive attorney fees and erroneously failed to designate the fees as alimony. He assigns error to three separate attorney fee awards.[14]

In November 2007, after a hearing on Wife's motion to compel Husband to answer discovery, the trial court entered an order requiring Husband to produce certain documents, including tax returns and bank account records from a car wash business. In March 2008, Wife filed a motion to compel and for civil contempt alleging that Husband had willfully failed to comply with the court's orders. After a hearing, the court entered an order on March 28, 2008, directing Husband to produce certain documents, including 2006 tax returns and car wash accounts, and finding that "Husband should have previously provided this documentation." The court therefore awarded Wife $2,500 for her attorney fees in connection with the motion to compel and for civil contempt.

Tenn. R. Civ. P. 37.02 includes a broad but not exclusive list of sanctions available to a trial court when a party fails to obey an order compelling discovery. The final paragraph of Tenn. R. Civ. P. 37.02 states that, in place of or in addition to other sanctions, "the court shall require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ." Discovery sanctions "serve a three-fold purpose: (1) to secure a party's compliance with the discovery rules, (2) to deter other litigants from violating the discovery rules, and (3) to punish parties who violate discovery rules." *Mansfield v. Mansfield*, No. 01A019412CH0058, 1995 WL 643329, at *5 (Tenn. Ct. App. Nov. 3, 1995). A trial court's actions under Rule 37.02 are not to be disturbed absent an abuse of discretion. *Potts v. Mayforth*, 59 S.W.3d 167, 172 (Tenn. Ct. App. 2001). In the present case, we have no problem concluding that the trial court acted within its discretion in requiring Husband to pay Wife's attorney fees necessitated by his failure to comply with discovery.

The second challenged attorney fee award, for $15,000, appears in an order entered on January 7, 2008. This order reflects the court's rulings at a December 18, 2007 hearing on several related matters, including Wife's motions for contempt and motion for attorney and expert fees. In the latter motion, Wife asserted that Husband had violated the standard restraining order by obtaining loans to pay attorney and expert fees; that she had been forced to incur additional attorney fees on issues including temporary support, Husband's income

---

[14]The marital dissolution agreement provides that each party will be responsible for his or her own attorney fees. The fee awards at issue appear in orders before the final decree.

information, and discovery responses; and that she needed the court to require Husband to pay all or part of her attorney and expert fees. At the hearing, the court heard testimony from both parties. With regard to Wife's motion for attorney fees, the court stated:

> The Court further finds that based upon the ability of Mr. Dhillon to pay and the need of Mrs. Dhillon for assistance with her attorneys fees, that while perhaps Mrs. Dhillon needs to consider somewhat of a reduction in spending for such things of an automobile for 50,000 dollars. The testimony before the Court, again, is that Mr. Dhillon has clearly been able to pay at least 60,000 dollars in expert and attorney's fees without any trouble. And again, the Court's concern about what the true financial situation of Mr. Dhillon is, and in fact finds that Mr. Dhillon has additional financial capabilities over and above that of which he has testified today based upon the credibility. While the Court balances those issues, the Court is going to order Mr. Dhillon to pay Mrs. Dhillon an amount of 15,000 dollars as partial payment toward her attorney's fees as well.

In its order, the court expressly questioned Husband's credibility, stating that "[t]his Court has been presented yet again with what appears to be a shell game by Mr. Dhillon, in identifying and moving assets and transferring assets, failure to identify those." The court ordered Husband to pay $15,000 to Wife "to assist in this litigation."

Tenn. Code Ann. § 36-5-121(b) gives a trial court broad discretion to award temporary support during the pendency of the divorce litigation. This provision expressly gives the court discretion "at any time pending the final hearing" to order a spouse to pay "any sums necessary for the support and maintenance of the other spouse, to enable such spouse to prosecute or defend the suit of the parties . . . ." Tenn. Code Ann. § 36-5-121(b). We find no error in the trial court's award of attorney fees to Wife to enable her to have adequate representation in the divorce action.

With respect to the third disputed attorney fee award, Husband's brief states: "Plaintiff's attorney was awarded an additional $40,000 at the hearing in March 2008." There is no citation to the record. We believe that Husband intends to challenge an order entered by the court on April 22, 2008, after a hearing on April 8, 2008, on a motion to continue filed by Husband based upon his recent hiring of new counsel. The court moved the trial dates from May 2008 to November 2008 and further ordered as follows:

> Mr. Miller [counsel for third-party defendants] shall release the sum of $40,000 being held in his Escrow account to Virginia Story for Wife's attorney's fees and the sum of $10,000 being held in his Escrow account for

Husband's attorney's fees . . . . The above disbursements from the Escrow account may be subject to adjustment based upon the division of marital property and/or assessment of costs and fees at the Final Hearing in this cause.

The record does not include a transcript of the April 8, 2008 hearing. From the order, we can discern that the court ordered money held in the escrow account of the attorney for the third-party defendants to be used to pay attorney fees for Wife and for Husband. We do not know the nature or source of the escrowed funds. As discussed above, Tenn. Code Ann. § 36-5-121(b) gives a trial court broad discretion to provide temporary support to a spouse to allow him or her to defend or prosecute the divorce action. We find no error here.

### Third-party defendants

The third-party defendants, Husband's parents, are participating in this appeal for the purpose of arguing that the trial court erred in adjudicating their rights in the context of this divorce action. Wife filed a motion in the trial court to interplead Husband's parents. In its order granting this motion, the trial court stated that the parties had made "certain stipulations and agreement regarding jurisdiction" and that the third-party defendants "hereby consent to the jurisdiction and venue of this Court." The third-party defendants executed the Agreement, and their attorney signed the final decree incorporating the Agreement. Since the third-party defendants willingly participated in the proceedings below and signed the Agreement, we conclude that they waived any objection to the trial court's authority to adjudicate their property rights in this case.

The third-party defendants also argue that the Agreement "fails because it leaves the property division as modifiable after the entry of the Final Decree of Divorce." Based upon this reasoning, the third-party defendants assert that the Agreement is "automatically modifiable" and should be set aside. We disagree with this interpretation. The third-party defendants rely upon the following language in the Agreement: "In the event a plan containing terms substantially in accordance with this agreement is not confirmed [by the bankruptcy court] within a reasonable time, any party may seek to reopen the divorce proceedings pursuant to Tenn. R. Civ. P. 60 and reconsider the division of property set forth herein." This provision appears in a section of the Agreement addressing bankruptcy and pertains only in the event that the bankruptcy court failed to confirm the Agreement. The provision does not render the Agreement automatically modifiable or otherwise lacking in finality. Moreover, Tenn. R. Civ. P. 60 allows any party to seek relief from a final order. The argument of the third-party defendants is without merit.

<u>Attorney fees on appeal</u>

Pursuant to Tenn. Code Ann. § 27-1-122, an appellate court is authorized to award attorney fees on appeal when it appears "that the appeal from any court of record was frivolous or taken solely for delay." After considering all of the issues raised by Husband in this case, a case in which the parties entered into a marital dissolution agreement, we have concluded that this is a frivolous appeal and that Wife should receive her attorney fees and costs on appeal.

CONCLUSION

The decision of the trial court is affirmed. We remand to the trial court for a determination of the amount of Wife's attorney fees on appeal. Costs of this appeal are taxed against the appellant, for which execution may issue if necessary.


_____
ANDY D. BENNETT, JUDGE